IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON ALLAN OJENA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-2601-P-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jason Allan Ojena, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to four cases of aggravated robbery with a deadly weapon. After hearing evidence on punishment, the trial court sentenced petitioner to four concurrent terms of 23 years confinement. His convictions and sentences were affirmed on direct appeal. *Ojena v. State*, Nos. 05-08-00972-CR, 05-08-00973-CR, 05-08-00974-CR & 05-08-00975-CR, 2009 WL 866379 (Tex. App.--Dallas, Apr. 1, 2009, no pet.). Petitioner also challenged his convictions in separate applications for state post-conviction relief. The applications were denied without written order on the findings of the trial court. *Ex parte Ojena*, WR-61,829-06, WR-61,829-07, WR-61,829-08 & WR-61,829-09 (Tex. Crim. App. Sept. 8, 2010). Petitioner then filed this action in federal district court.

II.

In six grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) the prosecutor failed to disclose exculpatory evidence; (3) the indictments were defective; (4) he received ineffective assistance of counsel; (5) the evidence was insufficient to prove that he used or exhibited a deadly weapon in the commission of the robberies; and (6) his guilty plea and resulting convictions were the result of a conspiracy between the prosecutor and defense counsel.

A.

The threshold issue in this case involves the validity of petitioner's guilty plea. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993), *citing United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979), *cert. denied*, 100 S.Ct. 1080 (1980). These core concerns are addressed by the admonishments contained in Tex.

Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[1]

Prior to trial, petitioner rejected a 40-year plea offer and agreed to plead guilty to four cases of aggravated robbery with no recommendation on punishment. (*See* St. Writ Hrg. Tr. at 70-72). Written plea agreements were signed by petitioner, his attorney, and the prosecutor. *See Ex parte Ojena*, WR-61,829-06, WR-61,829-07, WR-61,829-08 & WR-61,829-09, Tr. at 83-84. Each agreement disclosed that the range of punishment for aggravated robbery was not less than five years nor more than 99 years or life imprisonment, and a possible fine not to exceed $10,000. *Id.*, Tr. at 83. As part of the plea deal, petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *Id.*, Tr. at 84. By signing the plea agreement, petitioner acknowledged that "my attorney has explained to me, and I have read and understand, all the foregoing admonishments and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* Petitioner also signed a judicial confession in each of the four cases admitting that he committed the offense as charged in the indictment. *Id.*, Tr. at 85. At the plea hearing, petitioner confirmed that he reviewed all of the documents he signed with his attorney, that he understood his rights, and that he wanted to plead guilty. (*See* Plea Hrg. Tr. at 4). These declarations made in open court carry a strong presumption of verity in a subsequent habeas proceeding. *See Skidmore v. Quarterman*, No. 3-08-CV-1554-B, 2009 WL 2971774 at *2 (N.D.

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. Because the requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar, *compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13, it follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Davis*, 2009 WL 1058059 at *2 n.1.

Tex. Sept. 15, 2009) (citing cases) (noting that presumption of verity applies to written admonishments signed by defendant prior to entry of guilty plea).

In an attempt to overcome the presumption that his guilty plea was knowing and voluntary, petitioner contends that defense counsel promised that he would receive probation if he pled guilty. That accusation was answered by petitioner's former attorney, Heath Hyde, in sworn testimony before the state habeas court. Hyde acknowledged that he discussed probation with petitioner and his family, but denied ever guaranteeing or indicating that petitioner would definitely receive probation. (*See* St. Writ Hrg. Tr. at 81). Instead, Hyde explained to petitioner that the only way for him to get any type of drug treatment was to get probation, and the only way to get probation was an open plea to the judge. (*See id.* at 70-71). According to Hyde:

> I have no way ever guaranteed probation. There's no way, you know,
> I could do that. It would be like guaranteeing a sentence from a jury.
> There's no way to do that. But the whole time it was insisted that we
> wanted drug treatment and probation and that was the only way.
> There was no situation of, you know, let's plead guilty to some type
> of prison time because the offer never changed. It never wavered,
> you know, from the 40 years.

(*Id.* at 71-72). When asked if he could have told petitioner that he would try to get probation, Hyde said, "I indicated that I thought we had a chance at probation. I would try to get probation." (*Id.* at 81). Based on this testimony, the state habeas court found that Hyde told petitioner that he would try to get probation and the only way probation was available was with a guilty plea, but "he did not promise a probation." *Ex parte Ojena*, WR-61,829-06, WR-61,829-07, WR-61,829-08, WR-61,829-09, Tr. at 73. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut that finding. Accordingly, this ground for relief should be overruled.[2]

---

[2] To the extent petitioner challenges his guilty plea on the ground that counsel should have told him that he was ineligible for probation, that claim was not raised by petitioner in his state writ. *See Ex parte Ojena*, WR-61,829-06, WR-61,829-07, WR-61,829-08, WR-61,829-09, Tr. at 2-45. As a result, the claim is procedurally barred. *See Nobles*

B.

In separate grounds for relief, petitioner contends that the prosecutor withheld exculpatory evidence and the indictments were defective. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). This includes claims involving the failure to disclose exculpatory evidence, *see Matthew v. Johnson*, 201 F.3d 353, 366-70 (5th Cir.), *cert. denied*, 121 S.Ct. 291 (2000), and challenges to the sufficiency of the indictment, *see Self v. Director, TDCJ-CID*, No. 9-09-CV-61, 2009 WL 3161424 at *1 (E.D. Tex. Sept. 30, 2009). These grounds are waived by petitioner's voluntary guilty plea.

C.

Petitioner also contends that the evidence was sufficient to prove only robbery, not aggravated robbery, because he used a toy gun during the commission of all four offenses. This claim fails for at least two reasons. First, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 1609 (1984). Second, the elements of robbery and aggravated robbery are the same, except that aggravated robbery requires an additional finding that the defendant used or exhibited a deadly weapon. *See Penaloza v. State*, ___ S.W.3d ___, 2011 WL 3570273 at *2 (Tex. App. -- Houston [14th Dist.], Aug. 16, 2011), *citing* TEX. PENAL CODE § 29.02 & 29.03. Here, petitioner signed judicial confessions admitting, *inter alia*, that he "use[d] and exhibit[ed] a deadly weapon, to-wit: a FIREARM," in each of the four robberies. *See Ex parte Ojena*, WR-61,829-06,

---

*v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998), *citing* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5(a) (finding that an unexhausted claim, which would be barred by the Texas abuse-of-writ doctrine if raised in a successive habeas application, is procedurally barred from federal habeas review).

WR-61,829-07, WR-61,829-08 & WR-61,829-09, Tr. at 85. By accepting petitioner's guilty plea, the state court implicitly found that his judicial confessions were sufficient to establish the elements of the charged offenses. This ground for relief should be overruled.

D.

Petitioner further argues that he received ineffective assistance of counsel. "The only claims that survive a guilty plea are those that implicate the validity of the plea itself." *Keels v. Quarterman*, No. 3-06-CV-2227-B, 2007 WL 2471578 at *1 (N.D. Tex. Aug. 31, 2007) (citing cases). In his federal writ and supporting brief, petitioner criticizes his attorney for failing to conduct an independent investigation, for not filing any pretrial motions, and for failing to object to the indictment. (*See* Hab. Pet. at 7(a); Pet. Mem. Br. at 13-21). All these claims are based on events that occurred before petitioner pled guilty. None are jurisdictional in nature or impact the validity of his plea. Consequently, these grounds for relief are waived. *See, e.g. United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000) (voluntary guilty plea waives claims of ineffective assistance of counsel that do not implicate the validity of the plea itself).

The other ineffective assistance of counsel claims raised by petitioner involve his representation at sentencing. Specifically, petitioner faults his attorney for not moving to withdraw his guilty plea and for not arguing that he was guilty only of robbery. Both arguments are predicated on the fact that petitioner used a toy gun to commit all four robberies. Significantly, petitioner does not allege that he asked his attorney to file a motion to withdraw his guilty plea at any time before sentencing. Nor is there any reason to believe that the trial court would have granted such a motion. Moreover, at the sentencing hearing, two of the robbery victims testified that the gun used by petitioner did not appear to be a toy. *See Ojena*, 2009 WL 866379 at *5. In view of this testimony and petitioner's admission to the police that he was responsible for some other convenience store

robberies, the state appeals court determined that "it is possible trial counsel thought a rational fact-finder might believe appellant was lying about using a toy gun, and a motion to withdraw appellant's guilty pleas ... would be to [his] detriment." *Id.* Petitioner has failed to rebut this finding.

With respect to petitioner's claim that his attorney failed to argue that he was guilty only of robbery, the record shows that counsel did introduce evidence at sentencing that petitioner used a toy gun during the robberies. That evidence came from petitioner himself, who testified:

> I went to the dollar store and got a toy handgun that had an orange thing at the end of it, like, a-round-chamber-looking thing that, if you tore it off, you could see the barrel of the gun. You could see the orange part it was connected to on the inner part.
>
> What I did, I took a Sharpie and I colored over that. But you could still see part of the orange over that. The problem is, when I held the gun, I held it down to where the victims in these cases couldn't see that. So it's kind of, like, a card game. Like, I didn't want 'em to call my bluff. I just wanted to get the money so I could support my [drug] habit. But I didn't want them to see that the gun was fake, you know.

(Sent. Hrg. Tr. at 39-40). Evidently, the plan worked, as two of the robbery victims testified that they thought the gun was real. (*Id.* at 16-17, 22-23). At the evidentiary hearing on petitioner's state writ, counsel explained:

> The -- the witnesses were adamant. In my discussions with the DA's office, they were - - they had indicated how adamant they were that the gun was real. I can remember during the open plea how emotional the witnesses were on the witness stand. I remember one specifically crying about how scared she was and how she thought her life was going to end. They were all adamant about the gun being real.
>
> \* \* \* \*
>
> It really didn't change our options because on a robbery the only way he would have been able to get any type of drug treatment or probation would still have been going to the Judge because of his prior conviction. So there was no way around that as far as trying to get probation. It still would have had to go to the Judge whether if it

> was robbery or aggravated robbery and obviously we made an argument about that to the judge during the sentencing that it wasn't a real gun again to go with the other mitigating factors in an attempt to get probation.

(St. Writ Hrg. Tr. at 75-76). The state habeas court found that the performance of defense counsel was not deficient and that petitioner was not prejudiced by the conduct of his attorney at sentencing. *See Ex parte Ojena*, WR-61,829-06, WR-61,829-07, WR-61,829-08, WR-61,829-09, Tr. at 73-74.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, the petitioner must demonstrate that his sentence would have been "*significantly* less harsh" but for the deficient performance of his attorney. *Daniel v. Cockrell*, 283 F.3d 697, 706 (5th Cir.), *cert. denied*, 123 S.Ct. 286 (2002), *citing Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (emphasis in original).[3] Among the relevant factors the

---

[3] In *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004), the Fifth Circuit abrogated the "significantly less harsh" test for ineffective assistance of counsel claims arising under the federal sentencing guidelines. *Id.* at 438; *see also Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001) (holding that "any amount of actual jail time has Sixth Amendment significance"). However, the court noted an important distinction between the federal guidelines and state sentencing regimes. Because state sentencing tends to be more discretionary than the more predictable federal system, "practically any error committed by counsel could [result] in a harsher sentence." *Grammas*, 376 F.3d at 438 n.4, *quoting Spriggs*, 993 F.2d at 88. Therefore, the court limited its adoption of the "any amount of jail time" test to cases involving the federal guidelines. *Id.*; *see also Dale v. Quarterman*, 553 F.3d 876, 880 n.2 (5th Cir. 2008), *cert. denied*, 130 S.Ct. 367 (2009) (affirming that "significantly less harsh" standard still applies to allegations of ineffective assistance of counsel during state sentencing hearings).

court must consider are: (1) the sentence imposed in the case; (2) the minimum and maximum sentences allowed by law; (3) the placement of the sentence within the allowable range; and (4) any mitigating or aggravating factors considered by the trier of fact. *See Spriggs*, 993 F.2d at 88-89.

Here, petitioner has not shown that the performance of defense counsel was in any way deficient. Unwilling to accept a 40-year plea offer and intent on trying to get drug treatment, petitioner and his attorney pursued the only course of action available to them -- enter a open plea of guilty and ask the judge for probation. Although petitioner did not get probation, he did receive four concurrent 23-year sentences -- 17 years less than what the prosecutor recommended prior to trial and at sentencing, and well below the statutory maximum punishment of life imprisonment. Petitioner has not shown that his sentence would have been "significantly less harsh" had his attorney argued more vehemently that a toy gun was used in the robberies.

### E.

Finally, petitioner alleges that his guilty plea and resulting convictions were the result of a conspiracy between the prosecutor and defense counsel to withhold information about the toy gun and "make sure that appellant was sentenced for a crime that was more severe than what appellant should have been held culpable for." (*See* Pet. Mem. Br. at 42-43). Petitioner does not provide any evidence to support this claim. His conclusory allegations do not merit habeas relief. *See Coker v. Thaler*, 670 F.Supp.2d 541, 552-53 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010).

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE